*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERICA RHAE MOOTE,

        Plaintiff-Appellee,

v

DUSTIN EDWARD MOOTE,

        Defendant-Appellant.

FOR PUBLICATION
August 27, 2019
9:05 a.m.

No. 346527
Alger Circuit Court
Family Division
LC No. 2016-007600-DM

Before: GADOLA, P.J., and MARKEY and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J.

In this custody matter, defendant-father appeals by right from the portion of the parties' judgment of divorce[1] that, in relevant part, granted plaintiff-mother's request to change the domicile of the parties' minor child, AM, by allowing plaintiff to move to Alabama with AM. We affirm.

## I. BACKGROUND

Plaintiff and defendant were married in December 2008 and had one minor child born during the marriage, AM. Plaintiff also had a daughter from a prior marriage, who is not at issue in this matter. During the parties' marriage, plaintiff was primarily a stay-at-home parent while defendant was in the military until he began collecting disability benefits in 2014. However, the marriage was riddled with domestic violence, allegedly committed by both parties, and several periods of separation.

---

[1] This Court previously dismissed defendant's claim of appeal from the judgment of divorce for lack of jurisdiction because, under the circumstances, it was not a final judgment under MCR 7.202(6)(a). *Moote v Moote*, unpublished order of the Court of Appeals, entered October 17, 2018 (Docket No. 345744). Defendant claims an appeal in this matter from the trial court's later and final child support order. Substantively, however, defendant does not challenge the support order, but rather only the change of domicile.

In March 2016, plaintiff filed a complaint for divorce requesting sole physical and legal custody of AM. Plaintiff later rescinded her request for sole legal custody and asked for joint legal custody to continue. Defendant responded that the parties should share joint legal and physical custody. During the pendency of the case, defendant began exercising parenting time every other weekend with both children, although there was testimony at the parties' divorce hearing that he occasionally cancelled visitations. Meanwhile, plaintiff had primary custody of the children, and she managed all of their educational and health care needs.

In May 2018, plaintiff filed a motion for a change of domicile, requesting the trial court's approval to relocate with AM to plaintiff's home state of Alabama. The trial court took testimony on the matter during the parties' divorce hearing. At the hearing, plaintiff testified that her family resided in Alabama and could offer her support and child care so that she could obtain an education and employment. She further suggested that both children could continue to have a relationship with defendant through electronic communications and extensive parenting time during the summer and holiday breaks. Defendant objected to the relocation, arguing that the distance and long periods of time between visitations would strain his relationship with AM. The trial court agreed with plaintiff that the change in domicile had the capacity to improve both plaintiff's and AM's lives, and it granted plaintiff's motion within the judgment of divorce.

On appeal, defendant argues that the trial court abused its direction by making findings and granting plaintiff's motion for change of domicile without sufficiently analyzing the best-interest factors in MCL 722.23 or required considerations under MCL 722.31(4). We disagree.

## II. STANDARD OF REVIEW

"This Court reviews for an abuse of discretion a trial court's ultimate decision whether to grant a motion for change of domicile." *Sulaica v Rometty*, 308 Mich App 568, 577; 866 NW2d 838 (2014). An abuse of discretion exists when the trial court's decision is "palpably and grossly violative of fact and logic . . . " *Fletcher v Fletcher*, 447 Mich 871, 879; 526 NW2d 889 (1994), quoting *Spalding v Spalding*, 355 Mich 382, 384-385; 94 NW2d 810 (1959).[2]

In child custody disputes, " 'all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.' " *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010), quoting MCL 722.28. The great weight of the evidence standard applies to all findings of fact; a trial court's findings, including the trial court's findings in applying the MCL 722.31 factors, should be affirmed unless the evidence clearly preponderates in the opposite direction. *Pierron*, 486 Mich at 85; see also *Gagnon v Glowacki*, 295 Mich App 557, 565; 815 NW2d 141 (2012). In reviewing the trial court's findings, this Court should defer to the trial court's determination of credibility. *Shann v*

---

[2] Although the "outside the range of principled outcomes" standard is now the "default abuse of discretion standard," see *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW 2d 809 (2006), child custody cases specifically retain the historic *Spalding* standard. *Maier v Maier*, 311 Mich App 218, 221-223; 874 NW 2d 725 (2015).

*Shann*, 293 Mich App 302, 305; 809 NW2d 435 (2011). Further, this Court may not substitute its judgment on questions of fact "unless the facts clearly preponderate in the opposite direction." *Gagnon*, 295 Mich App at 565.

## III. APPLICABLE LAW

Pursuant to MCR 3.211(C)(3), "a parent whose custody or parenting time of a child is governed by [court] order shall not change the legal residence of the child except in compliance with . . . MCL 722.31." In pertinent part, MCL 722.31 states:

> (1) A child whose parental custody is governed by court order has, for the purposes of this section, a legal residence with each parent. Except as otherwise provided in this section, a parent of a child whose custody is governed by court order shall not change a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued.

> \* \* \*

> (4) Before permitting a legal residence change otherwise restricted by subsection (1), the court shall consider each of the following factors, with the child as the primary focus in the court's deliberations:

> (a) Whether the legal residence change has the capacity to improve the quality of life for both the child and the relocating parent.

> (b) The degree to which each parent has complied with, and utilized his or her time under, a court order governing parenting time with the child, and whether the parent's plan to change the child's legal residence is inspired by that parent's desire to defeat or frustrate the parenting time schedule.

> (c) The degree to which the court is satisfied that, if the court permits the legal residence change, it is possible to order a modification of the parenting time schedule and other arrangements governing the child's schedule in a manner that can provide an adequate basis for preserving and fostering the parental relationship between the child and each parent; and whether each parent is likely to comply with the modification.

> (d) The extent to which the parent opposing the legal residence change is motivated by a desire to secure a financial advantage with respect to a support obligation.

> (e) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

Thus, when a parent moves for leave to change a child's domicile by a distance of more than 100 miles, the trial court must consider the request using the following four-part analysis:

First, a trial court must determine whether the moving party has established by a preponderance of the evidence that the factors enumerated in MCL 722.31(4), the so-called *D'Onofrio* factors,[3] support a motion for a change of domicile. Second, if the factors support a change in domicile, then the trial court must then determine whether an established custodial environment exists. Third, if an established custodial environment exists, the trial court must then determine whether the change of domicile would modify or alter that established custodial environment. Finally, if, and only if, the trial court finds that a change of domicile would modify or alter the child's established custodial environment must the trial court determine whether the change in domicile would be in the child's best interests by considering whether the best-interest factors in MCL 722.23 have been established by clear and convincing evidence. [*Rains v Rains*, 301 Mich App 313, 325; 836 NW2d 709 (2013) (citation omitted).]

This four-part analysis requires that the trial court consider the factors "with the child as the primary focus in the court's deliberations." MCL 722.31(4).

## IV. ANALYSIS OF D'ONOFRIO FACTORS

As an initial matter, defendant does not clearly present an argument pertaining to the *D'Onofrio* factors under MCL 722.31. He directly cites only some of the best interest factors under MCL 722.23. This may constitute abandonment of any challenge to the trial court's findings that the *D'Onofrio* factors support plaintiff's motion to change AM's domicile. See *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004). Nevertheless, we would, in any event, conclude that the trial court's findings were not against the great weight of the evidence.

Under the first *D'Onofrio* factor, MCL 722.31(4)(a), the trial court found that the proposed relocation had the capacity to improve the quality of life for both AM and plaintiff. In particular, the trial court determined that the move would provide plaintiff with a support system that would benefit AM. Both children expressed their preference to go to Alabama. There was evidence that plaintiff worked "odd jobs" and only worked when defendant had been available to provide care for the children or the children were in school. Plaintiff testified that in Alabama, she had free childcare available, and she intended to find employment and continue her education. Defendant argues that plaintiff has demonstrated a lack of work ethic and would only depend on her family if allowed to relocate, but we defer to the trial court on issues of credibility. *Shann*, 293 Mich App at 305. The trial court was free to believe plaintiff's testimony that she would have no trouble finding employment opportunities in Alabama. Moreover, it is undisputed that plaintiff had not worked during the marriage primarily because she was a stay-at-

---

[3] See *D'Onofrio v D'Onofrio*, 144 NJ Super 200, 206-207; 365 A2d 27 (1976). The "*D'Onofrio* factors" were adopted by this Court as the proper analysis when addressing removal petitions in *Henry v Henry*, 119 Mich App 319, 323-324; 326 NW2d 497 (1982); see also *Costantini v Costantini*, 446 Mich 870, 871; 521 NW2d 1 (1994) (RILEY, J.). Our Supreme Court does not appear to have addressed the propriety of relying on *D'Onofrio*. See *Marko v Marko*, 462 Mich 881; 613 NW2d 722 (2000); app dismissed 462 Mich 881, 882; 617 NW2d 691 (2000).

home parent. Defendant recognized that plaintiff could have worked more during the marriage, but he stated that "it was better for the children that she didn't work." Defendant contends that he may have continued to assist plaintiff and assist in AM's care if AM remained in Michigan. Nevertheless, the trial court's finding that the move had the *capacity* to improve AM's and plaintiff's quality of life was not against the great weight of the evidence. Even if this factor was close, the evidence did not clearly preponderate in the opposite direction. *Gagnon*, 295 Mich App at 565.

Under the second *D'Onofrio* factor, MCL 722.31(4)(b), defendant contends that "part of [plaintiff's] motivation is simply to hurt [defendant's] relationship with his daughter." We presume this to approximate an argument that plaintiff's request to change domicile was an attempt to defeat or frustrate the parenting-time schedule that the parties were exercising at the time. We disagree. Notably, plaintiff proposed a new parenting-time schedule that would still allow defendant to exercise substantial parenting time, and she expressly asked the court to "grant [defendant] extensive parenting time in the summer." Plaintiff also suggested that AM and defendant could maintain contact through videoconferencing software. Plaintiff's suggestions tend to indicate that she was not attempting to frustrate the parties' existing parenting time schedule and that she would continue to facilitate defendant's parenting time and relationship with AM.

Under the third *D'Onofrio* factor, MCL 722.31(4)(c), the trial court opined that it was possible to modify the parenting-time schedule in a manner that could provide an adequate basis for preserving and fostering the parental relationship between defendant and AM. As noted, plaintiff proposed, and the trial court adopted, a schedule that granted defendant most of each summer, other school breaks, and one long weekend a month if he could travel to visit AM. The trial court also ordered that AM would have a right to communicate electronically with defendant. Notwithstanding defendant's claim that the schedule will harm his relationship with AM, the trial court observed that defendant would exercise more overnights with AM under the new schedule than under the alternating weekend schedule. The visiting time schedule under MCL 772.31(4)(c) "need not be equal to the prior visitation plan in all respects." *Brown v Loveman*, 260 Mich App 576, 603; 680 NW2d 432 (2004). Under the circumstances, "the proposed parenting-time schedule provides a realistic opportunity to preserve and foster the parental relationship previously enjoyed by the nonrelocating parent." *McKimmy v Melling*, 291 Mich App 577, 584; 805 NW2d 615 (2011) (citation and quotation marks omitted). Accordingly, the trial court's finding that the parental relationship could be preserved with the modified parenting-time schedule was not against the great weight of the evidence.

Under the fourth *D'Onofrio* factor, MCL 722.31(4)(d), the record supports a conclusion that plaintiff's motion was not "motivated by a desire to secure a financial advantage with respect to a support obligation." Indeed, plaintiff testified that the move could prove financially challenging for her at first, but she wanted the children to be cared for by family whenever she had to work or attend school. Furthermore, the trial court specifically explained that it had not taken plaintiff's move to Alabama into account when addressing the issue of spousal support. Defendant does not present any argument that would support an opposite conclusion.

Finally, under the fifth *D'Onofrio* factor, MCL 722.31(4)(e), the record is clear that both parties alleged domestic violence during the marriage; however, there is no indication that this

played a role in the trial court's consideration of plaintiff's request for relocation. The court need not comment on every matter in evidence or declare acceptance or rejection of every proposition argued. *Fletcher*, 447 Mich at 883. Furthermore, defendant does not raise any arguments regarding this factor. Ultimately, the trial court determined that plaintiff's move to Alabama was warranted and would benefit AM. Based on the foregoing, the trial court's findings concerning the *D'Onofrio* factors as set forth in MCL 722.31(4) were not against the great weight of the evidence.

## V. CUSTODIAL ENVIRONMENT AND BEST INTERESTS

If the trial court determines that the *D'Onofrio* factors support a requested change of domicile, the next step is for the court to determine whether an established custodial environment exists. *Rains*, 301 Mich App at 325. "An established custodial environment is one of significant duration in which a parent provides care, discipline, love, guidance, and attention that is appropriate to the age and individual needs of the child." *Berger v Berger*, 277 Mich App 700, 706; 747 NW2d 336 (2008). Defendant does not challenge the trial court's finding that an established custodial environment existed with plaintiff. The evidence that AM lived with plaintiff, and plaintiff was responsible for AM's educational and health needs, tends to indicate that no challenge would be appropriate in any event.

Defendant argues that the trial court failed to properly analyze the best interest factors under MCL 722.23. However, the trial court was not required to address the best interest factors. As this Court has explained,

> *if, and only if*, the trial court finds that a change of domicile would modify or alter the child's established custodial environment must the trial court determine whether the change in domicile would be in the child's best interests by considering whether the best-interest factors in MCL 722.23 have been established by clear and convincing evidence. [*Rains,* 301 Mich App at 325 (emphasis added).]

Plaintiff's move to Alabama with AM would only change AM's domicile. The move would not change AM's established custodial environment with plaintiff. Consequently, the trial court's failure to address the best interest factors was neither erroneous nor an abuse of discretion. *Id*.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Michael F. Gadola
/s/ Jane E. Markey