*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TIMOTHY HALLIN,

Plaintiff-Appellee,

v

CASSIE A. BRUNELL,

Defendant-Appellant.

UNPUBLISHED
January 27, 2022

No. 358126
Livingston Circuit Court
Family Division
LC No. 13-047851-DC

Before: O'BRIEN, P.J., and STEPHENS and LETICA, JJ.

PER CURIAM.

Defendant, Cassie A. Brunell, appeals by right the order denying her objection to the Friend of the Court referee's recommendation to deny defendant's motion to modify parenting time. Defendant also challenges the circuit court's order denying her motion to modify parenting time. Defendant argues that the circuit court abused its discretion by finding that she had not established proper cause or a change in circumstances that justified a modification of parenting time, and argues that the circuit court erred by failing to hold an evidentiary hearing on the matter. We affirm.

## I. BACKGROUND

Defendant and plaintiff were never married, but had one child together, LH. In 2013, the court entered a consent order granting defendant primary physical custody of LH. Defendant then remarried and had another child, and she lived in a two-bedroom apartment with her husband, her three children, and her stepdaughter. In 2014, plaintiff filed an emergency motion to change custody because defendant had been arrested for an incident of domestic violence against her husband while he was holding their child. The parties presented evidence that police had been called multiple times between 2013 and 2014 for domestic violence incidents between defendant and her husband, and defendant was usually, but not always, the perpetrator. Both defendant and plaintiff had histories of substance abuse and drunk driving, and defendant had a sporadic history of mental health treatment. Child Protective Services (CPS) opened an investigation regarding defendant's most recent incident of domestic violence, and defendant voluntarily participated in services offered by CPS. The referee initially found that plaintiff had not shown that it was in

-1-

LH's best interests to change her custodial environment, and plaintiff filed an objection to the referee's recommendation. The circuit court judge disagreed with the referee's recommendation and awarded plaintiff physical custody of LH.

In 2021, defendant filed a motion to change parenting time, arguing that there had been proper cause and a change in circumstances that justified modifying the current parenting time order because defendant was in a more stable situation, was getting married, was having another child, was moving into a new home with her husband as homeowners, and had been exercising parenting time outside of the parameters of the previous order. The circuit court held a hearing at which the parties' counsel presented oral argument, and the referee issued a report recommending that defendant's motion be denied. The referee found that although defendant had changed her own life circumstances, she had not established that there had been any change in circumstances in the child's life that would warrant a modification of parenting time. The referee also stated that plaintiff's allowing defendant to exercise additional parenting time outside of the court order could not form the basis for a modification of parenting time because that would violate public policy by discouraging parents to consent to additional parenting time. Defendant filed an objection to the referee's recommendation, and the circuit court judge agreed with the referee, denied defendant's objection, and denied defendant's motion to modify parenting time.

## II. ANALYSIS

We review for abuse of discretion a trial court's decision whether to hold an evidentiary hearing. *Williams v Williams*, 214 Mich App 391, 399; 542 NW2d 892 (1995). "All custody orders must be affirmed on appeal unless the circuit court's findings were against the great weight of the evidence, the circuit court committed a palpable abuse of discretion, or the circuit court made a clear legal error on a major issue." *Pierron v Pierron*, 282 Mich App 222, 242; 765 NW2d 345 (2009), aff'd 486 Mich 81 (2010), citing MCL 722.28. "An abuse of discretion with regard to a custody issue occurs when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Mitchell v Mitchell*, 296 Mich App 513, 522; 823 NW2d 153 (2012) (quotation marks and citation omitted).

> The great weight of the evidence standard applies to all findings of fact. A trial court's findings regarding the existence of an established custodial environment and regarding each custody factor should be affirmed unless the evidence clearly preponderates in the opposite direction. An abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions. Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law. [*Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009) (quotation marks and citation omitted).]

### A. CHANGE IN CIRCUMSTANCES

Defendant argues that the circuit court abused its discretion by denying defendant's objection to the referee recommendation and denying defendant's motion to modify parenting time. We disagree.

Under MCL 722.27(1)(c), a trial court may "modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances . . . ." "[I]f the proposed change would *not* modify the established custodial environment of the child, the burden is on the parent proposing the change to establish, by a preponderance of the evidence, that the change is in the child's best interests." *Pierron v Pierron,* 486 Mich 81, 93; 782 NW2d 480 (2010). Normal life changes that occur with a minor child, such a child's increased involvement in social and extracurricular activities, may constitute proper cause or a change of circumstances sufficient to modify parenting time, "so long as the modification in parenting time does not affect the established custodial environment." *Shade v Wright*, 291 Mich App 17, 29-31; 805 NW2d 1 (2010). The relevant inquiry for determining whether there is proper cause or a change of circumstances for a modification of parenting time is whether the current order governing parenting time remains in the child's best interests. *Kaeb v Kaeb*, 309 Mich App 556, 571-572; 873 NW2d 319 (2015).

Defendant argues that there was a change in circumstances because the conditions that existed at the time the 2015 order was entered no longer existed. When the circuit court entered the 2015 order, the court was concerned, in part, with defendant's substance abuse and repeated incidents of domestic violence. There is no indication that defendant had changed her circumstances regarding her substance abuse. In fact, defendant did not deny the allegations that she continued to drink alcohol and had not reinstated her driver's license. Regarding the concerns about defendant's pattern of domestic violence, defendant had divorced from the husband she had in 2014, with whom she had frequent domestic altercations. However, defendant had remarried, and there was no indication of how defendant's new husband treated her or the children. Therefore, defendant has not shown how her relationship with her new husband positively changed the circumstances in LH's life. Defendant also argues that her marriage was a change in circumstances because she and her husband owned a house and were having a new child. By contrast, when the circuit court entered the 2015 order, defendant shared a two-bedroom apartment with four children and her husband. However, defendant has not even alleged, much less provided evidence, that her new home has any additional room, particularly when she is having an additional child. Further, the fact that defendant is having another child is not a change in circumstances because defendant always had custody of her other daughters. Therefore, defendant has not shown that her new home or child is a change in circumstances that warrants a change in parenting time. In short, while defendant made *allegations* of changes in her life that might warrant revisiting a parenting-time order,[1] she has the burden to present *evidence* of such changes. *Pierron,* 486 Mich at 93. She has failed to carry that burden in this case because she has not presented any evidence whatsoever, and has instead relied on her own conjecture and arguments.

Defendant also argues that she showed proper cause and change in circumstances that would justify a modification of parenting time because defendant had allowed her to exercise

---

[1] See *Kaeb*, 309 Mich App at 571 (holding that "[i]t is evident that even normal changes to the lives of the parties affected by a parenting-time order may so alter the circumstances attending the initial imposition of a [parenting-time] condition that a trial court would be justified in revisiting the propriety of the [parenting-time] condition," and such "normal changes" include "changes in the parties' behavior, status, or living conditions . . .").

parenting time outside of what was allotted under the 2015 order. However, it is not clear how frequently plaintiff allowed defendant to exercise additional parenting time outside of the court order. Once again, defendant failed to present any evidence regarding this topic. There is also no indication that defendant's limited additional parenting time was a change in circumstances in LH's life because defendant had been regularly exercising parenting time pursuant to the circuit court order since 2015. Further, allowing a voluntary increase in parenting time to serve as the basis for a permanent modification in parenting time would go against public policy because it would discourage custodial parents from permitting a noncustodial parent greater parenting time than granted by court order. Therefore, defendant has not shown that the circuit court abused its discretion by denying her objection to the referee recommendation and denying her motion to change parenting time. Considering the complete lack of evidence provided by defendant, we certainly have not been provided with any reason to conclude the trial court's decision that defendant did not meet her burden of proof was "so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Mitchell*, 296 Mich App at 522 (quotation marks and citation omitted).

## B. EVIDENTIARY HEARING

Defendant argues that the circuit court erred by failing to hold an evidentiary hearing to determine whether defendant could show proper cause or a change in circumstances that warranted a modification of parenting time. We disagree.[2]

Under MCL 722.72(1)(c), a trial court may modify or amend its previous judgments or orders only upon proper cause shown or because of change of circumstances. A noncustodial parent is entitled to an evidentiary hearing regarding a change in custody only if he or she can first

---

[2] Although not raised by either party, we note defendant, during trial court proceedings, never requested an evidentiary hearing regarding the issue of whether proper cause or a change of circumstances existed warranting a review of the parenting-time order. We have reviewed defendant's motion to change parenting time and the entire transcript and found no instance where defendant sought to admit evidence and was rebuffed. Instead, defendant, despite bearing the burden of proof, seemed content to rely on arguments and allegations made by attorneys. The record of the hearing did not show any attempt by defendant to be sworn in and to provide testimony. Moreover, defendant does not suggest any reason she was unable to obtain and admit documentary evidence supporting her assertions. For example, defendant could have admitted an affidavit containing her factual claims, provided an affidavit from her new husband about their living conditions and relationship, obtained and admitted affidavits from family members or an Alcoholics Anonymous sponsor about her substance abuse issues, or submitted documentary evidence about the size of her new home or lack of interactions with police related to domestic violence. Defendant did none of these things, did not attempt to do them, and now seeks to use her own failure as an appellate parachute. We refuse, as we must, to allow her the opportunity to do so. See *Hoffenblum v Hoffenblum*, 308 Mich App 102, 117; 863 NW2d 352 (2014) (quotation marks and citation omitted) ("A party may not claim as error on appeal an issue that the party deemed proper in the trial court because doing so would permit the party to harbor error as an appellate parachute.").

demonstrate, as a threshold matter, either proper cause or a change of circumstances. *Corporan*, 282 Mich App at 603-604; *Rossow v Aranda*, 206 Mich App 456, 458; 522 NW2d 874 (1994). A trial court is not required to hold an evidentiary hearing to determine whether there is proper cause or a change of circumstances. *Vodvarka v Grasmeyer*, 259 Mich App 499, 512; 675 NW2d 847 (2003). Further, in this case, defendant moved to modify the parenting time order, not to change the child's custodial environment. No caselaw suggests that the trial court must conduct an evidentiary hearing to determine a change in parenting time. Therefore, the circuit court was not required to hold an evidentiary hearing to determine whether defendant established proper cause or a change of circumstances, especially in light of defendant's failure to request such a hearing or to make any attempt at admitting evidence in any way.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Cynthia Diane Stephens
/s/ Anica Letica