ROSSOW v ARANDA

Docket No. 164420. Submitted May 17, 1994, at Grand Rapids. Decided August 15, 1994, at 9:10 A.M.

Suzanne N. Rossow brought an action in the Cass Circuit Court against Pedro Aranda, Jr., seeking physical custody of the parties' oldest daughter pursuant to the provisions of the Child Custody Act. An order granting the defendant physical custody of the child previously had been entered pursuant to a stipulation by the plaintiff in a paternity action that had been brought by the plaintiff against the defendant. The court, Michael E. Dodge, J., denied the plaintiff's request for physical custody of the child and ordered that physical custody remain with the defendant. The plaintiff appealed.

The Court of Appeals *held:*

1. The plaintiff failed to establish that the stipulation she had executed in the paternity action upon which the order placing physical custody of the child with the defendant had been based was the result of duress or coercion.

2. A party seeking a change in custody of a child that is already the subject of a prior custody order has the burden of showing first that either there is proper cause for the change or there has been a change in circumstances warranting the change in custody. Until a proper basis for a change in custody is shown, a court is without authority to consider the prior decision regarding custody or to reconsider the best interests of the child or the existence of an established custodial environment. Because the plaintiff failed to show a sufficient change in circumstances, the trial court properly declined to consider the questions of the best interest of the child or the existence of an established custodial environment.

Affirmed.

PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CIRCUMSTANCES — BEST INTEREST OF CHILD — CUSTODIAL ENVIRONMENT.

A party seeking a change of custody of a child where there is a

REFERENCES

Am Jur 2d, Parent and Child § 27.

See ALR Index under Custody and Support of Children.

prior court order regarding custody has the burden of showing first that there is proper cause for the change of custody or that there has been a change in circumstances warranting a change in custody; until such cause or change in circumstances has been established, a court is without authority to consider the prior decision or to reconsider the best interest of the child or the existence of an established custodial environment (MCL 722.27[1][c]; MSA 25.312[7][1][c]).

*Peter J. Johnson* and *Jay L. Schultz,* for the plaintiff.

Before: DOCTOROFF, C.J., and TAYLOR and M. G. HARRISON,* JJ.

TAYLOR, J. Plaintiff appeals as of right from a circuit court order that denied her request for physical custody of the parties' eldest daughter and that continued physical custody of the daughter with defendant. We affirm.

Plaintiff sought to set aside a stipulation pursuant to which she agreed to transfer physical custody of the parties' eldest daughter from herself to defendant. Plaintiff failed to establish that she had entered into the stipulation as a result of duress or coercion. Accordingly, plaintiff failed to demonstrate proper cause for a change of custody. MCL 722.27(1)(c); MSA 25.312(7)(1)(c); *Mann v Mann,* 190 Mich App 526, 536; 476 NW2d 439 (1991).

Further, we reject plaintiff's claim that the trier of fact erred as a matter of law in refusing to consider and make findings with regard to the statutory best interest factors, MCL 722.23; MSA 25.312(3). A trial court may amend or modify its previous custody judgment or order only "for proper cause shown or because of change of circumstances . . . ." MCL 722.27(1)(c); MSA 25.312(7)(1)(c).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The plain and ordinary language used in MCL 722.27(1)(c); MSA 25.312(7)(1)(c) evinces the Legislature's intent to condition a trial court's reconsideration of the statutory best interest factors on a determination by the court that the party seeking the change has demonstrated either a proper cause shown or a change of circumstances. It therefore follows as a corollary that where the party seeking to change custody has not carried the initial burden of establishing either proper cause or a change of circumstances, the trial court is not authorized by statute to revisit an otherwise valid prior custody decision and engage in a reconsideration of the statutory best interest factors.

In the instant case, plaintiff failed to establish either proper cause or a change of circumstances warranting a change of custody. Accordingly, the trier of fact was not required by MCL 722.27(1)(c); MSA 25.312(7)(1)(c) to address the statutory best interest factors. Plaintiff's failure to present sufficient proof of changed circumstances precludes further consideration of her motion to change custody.

Finally, we reject plaintiff's challenge to the trier of fact's determination that an established custodial environment existed with defendant. Because plaintiff has failed to establish proper cause or a change of circumstances necessitating consideration of a change in custody, the trier of fact was not required to make a determination with regard to the existence of an established custodial environment. MCL 722.27(1)(c); MSA 25.312(7)(1)(c). Accordingly, any such finding by the trier of fact was harmless in the instant case.

Affirmed.