SHANN v SHANN

Docket No. 301113. Submitted June 10, 2011, at Lansing. Decided July
    12, 2011, at 9:10 a.m.

Casey William Shann brought an action in the Ingham Circuit Court
    against Cary Ann Shann, also known as Cary Ann Wenzel, seeking
    a change of custody of the parties' minor son. The court, Laura L.
    Baird, J., granted plaintiff's motion. It determined that plaintiff
    had established proper cause or a change in circumstances suffi-
    cient to consider a change of custody. The court concluded that
    clear and convincing evidence at trial established that a change of
    custody was in the minor son's best interests. Defendant appealed.

The Court of Appeals *held*:

1. A trial court may only consider a change of custody if the
movant establishes proper cause or a change in circumstances. To
show a change of circumstances, a party must prove that conditions
surrounding custody of the minor child that had or could have a
significant effect on the child's well-being have materially changed.
The removal of the child from defendant's home by Children's
Protective Services after an abuse and neglect case was filed against
defendant's current spouse was in and of itself sufficient evidence of
a change of circumstances to warrant the trial court considering a
change of custody under MCL 722.27(1)(c). After assessing the
credibility of the witnesses, the trial court concluded that there was
evidence of additional circumstances that were not normal life
changes and were likely to have significant effect on the child. The
trial court did not err by ordering a new custody hearing on the basis
of a change of circumstances.

2. Because there was an established custodial environment
with defendant, plaintiff could only be awarded custody if the facts
at trial proved by clear and convincing evidence that the change of
custody was in the minor son's best interests. After it analyzed the
best interest factors of MCL 722.23, the trial court concluded that
the parties were equal with respect to best interest factor (a), MCL
722.23(a), but that all other factors either favored plaintiff or were
not relevant. While defendant argued that the trial court should
have believed her witnesses rather than plaintiff's, the Court of

Appeals deferred to the trial court's credibility determinations given that court's superior position to make those judgments.

Affirmed.

1. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CIRCUMSTANCES.

A trial court may only consider a change of custody if the movant establishes proper cause or a change in circumstances; to establish proper cause, the movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court; appropriate grounds must be relevant to at least one of the twelve best-interest factors set forth in MCL 722.23, and have a significant effect on the child's well-being; to show a change of circumstances, the movant must prove a material change in the conditions surrounding custody that have or could have a significant effect on the child's well-being; the removal of a child from the custodial parent's home by Children's Protective Services may be sufficient evidence of a change in circumstances to allow the trial court to consider a change of custody.

2. PARENT AND CHILD — CHILD CUSTODY — BEST INTERESTS OF CHILD.

When there is an established custodial environment, a change in custody is appropriate only if the facts at trial prove by clear and convincing evidence that the change is in the minor child's best interests.

*Mertens and Clement, P.C.* (by *Thomas P. Clement*), for Casey W. Shann.

*Barbara B. Herdus* for Cary Ann Shann.

Before: WHITBECK, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM. Plaintiff, Casey Shann, moved for a change of custody of the parties' minor son after the husband of defendant, Cary Wenzel (formerly Shann), was accused of sexually assaulting one of Cary Wenzel's stepdaughters. The trial court granted Shann's motion. Cary Wenzel now appeals, arguing that there was no proper cause or change of circumstances sufficient to consider altering custody and that the trial court incorrectly evaluated witness testimony. We affirm.

I. FACTS

Cary Wenzel retained sole physical custody of her minor son after she and Shann divorced. She subsequently married Jeremy Wenzel, who had five daughters from earlier relationships. Two of Jeremy Wenzel's daughters testified that Cary Wenzel and Jeremy Wenzel often fought and that Jeremy Wenzel called the minor son names. The minor son's babysitter testified that he reported to her that his stepfather regularly called him an idiot. However, another of Jeremy Wenzel's daughters contradicted this testimony, as did Cary Wenzel herself.

In March 2010, Jeremy Wenzel's eldest daughter informed the Michigan State Police that Jeremy Wenzel had sexually abused her several years earlier. When these allegations surfaced, Cary Wenzel did not remove the minor son from the home, nor did she inform Shann about the allegations. She claimed that Children's Protective Services (CPS) told her she did not need to pass the information on to Shann.

Saginaw County CPS worker Roshell Watley-Thomas became involved with the Wenzel family in June 2010 after Cary Wenzel called 911 because Jeremy Wenzel had threatened to kill himself, Cary Wenzel, and "everybody else." Jeremy Wenzel was taken to the hospital after the police responded to Cary Wenzel's 911 call, and Watley-Thomas found Cary Wenzel there. The children were removed from the home when CPS filed an abuse and neglect case against Jeremy Wenzel. Criminal charges were also filed, but were dismissed after the eldest daughter recanted her claims of sexual abuse. The CPS case was also dismissed, against CPS's wishes, because the prosecutor's office did not believe there was enough evidence to pursue it.

The trial court found that Shann, his wife, Watley-Thomas, two of Jeremy Wenzel's daughters, and the

minor son's babysitter were all credible witnesses. Conversely, the trial court found that Cary Wenzel and Jeremy Wenzel's eldest daughter were not credible, observing that Cary Wenzel's testimony was "not particularly well attached to reality." The trial court found that the minor son's interests would be best served by granting custody to Shann.

## II. CUSTODY DETERMINATION

### A. STANDARD OF REVIEW

In custody cases, this Court will affirm the trial court's findings of fact unless the evidence clearly preponderates in the opposite direction.[1] We defer to the trial court's credibility determinations given its superior position to make these judgments.[2] This Court reviews questions of law for clear legal error, which occurs when the trial court incorrectly chooses, interprets, or applies the law.[3] Finally, we consider the trial court's discretionary rulings, such as custody determinations, for an abuse of discretion.[4]

### B. PROPER CAUSE OR CHANGE OF CIRCUMSTANCES

A trial court may only consider a change of custody if the movant establishes proper cause or a change in circumstances.[5]

[T]o establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate

---

[1] *Thompson v Thompson*, 261 Mich App 353, 358; 683 NW2d 250 (2004).

[2] *McIntosh v McIntosh*, 282 Mich App 471, 474; 768 NW2d 325 (2009).

[3] *Id.* at 475; *Thompson*, 261 Mich App at 358.

[4] *McIntosh*, 282 Mich App at 475; *Thompson*, 261 Mich App at 358.

[5] *Rossow v Aranda*, 206 Mich App 456, 458; 522 NW2d 874 (1994), citing MCL 722.27(1)(c).

ground(s) should be relevant to at least one of the twelve statutory best interest factors,[6] and must be of such magnitude to have a significant effect on the child's well-being.[7]

To show a change of circumstances, the party must prove that "conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed."[8] These must be more than normal life changes, "and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child."[9]

Cary Wenzel argues only that the previous actions taken by CPS did not constitute a sufficient basis for finding proper cause or a change of circumstances. She points out that the CPS case had already been dismissed and contends that allowing the trial court's ruling to stand would be tantamount to declaring that any protective services action, no matter how unfounded, could be used as an excuse to revisit custody. However, the fact that CPS *removed* the child from the home is in and of itself sufficient evidence of a change in circumstances to warrant a trial court to consider a change of custody.[10] Moreover, in this instance, it is not clear that CPS's actions were unjustified. The trial court found, on the basis of its assessment of the witnesses' credibility, that Jeremy Wenzel's eldest daughter retracted her accusations for reasons other than their truth or falsity. The trial court further concluded that CPS worker Watley-Thomas was a cred-

---

[6] MCL 722.23.

[7] *Vodvarka v Grasmeyer*, 259 Mich App 499, 512; 675 NW2d 847 (2003).

[8] *Id.* at 513.

[9] *Id.* at 513-514.

[10] *Rossow*, 206 Mich App at 458, citing MCL 722.27(1)(c).

ible witness, and she testified that CPS thought the abuse or neglect case should not have been dismissed. There was evidence at trial, which the trial court also found to be credible, that the minor son had very poor hygiene habits and had been subjected directly or indirectly to verbal abuse. Any one of these additional circumstances was most certainly not a normal life change and was likely to have a significant effect on the minor son. Accordingly, the trial court did not err by ordering a new custody hearing on the basis of a change of circumstances.

### C. BEST INTERESTS OF THE CHILD

The parties agree that an established custodial environment existed with Cary Wenzel. Given an established custodial environment, Shann could only be awarded custody of the minor son if the facts at trial proved by clear and convincing evidence that the change of custody was in the minor son's best interests.[11] The trial court concluded that the parties were equal with respect to best interest factor (a),[12] but that all other factors either favored Shann or were not relevant.

Cary Wenzel does not make specific arguments that the trial court erred in its determination of individual factors. Rather, Cary Wenzel complains that the trial court should have believed her witnesses rather than Shann's. As we have already observed, we respect the trial court's superior position to assess the credibility of the witnesses appearing before it and will not revisit those assessments in this forum.[13]

---

[11] *Foskett v Foskett*, 247 Mich App 1, 6, 9; 634 NW2d 363 (2001).

[12] MCL 722.23(a).

[13] *McIntosh*, 282 Mich App at 474.

We affirm.

Whitbeck, P.J., and Markey and K. F. Kelly, JJ., concurred.