# STATE OF MICHIGAN

# COURT OF APPEALS

ANDREA DAWN POWELL,

      Plaintiff-Appellant,

v

DUSTIN JAMES POWELL,

      Defendant-Appellee.

UNPUBLISHED
June 25, 2015

No. 323957
Montcalm Circuit Court
LC No. 04-003203-DM

Before: METER, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals as of right the September 22, 2014 order requiring that she and defendant share joint physical and legal custody of their two children. We affirm.

On December 29, 2005, the trial court entered a judgment of divorce ending the parties' marriage. The parties were granted joint legal custody of the minor children and plaintiff received sole physical custody of the children. Defendant was granted reasonable visitation with the minor children.

On January 6, 2014, defendant filed a petition for a change of custody which requested that the trial court award the parties joint physical custody with them alternating weeks with the minor children.

On February 13, 2014, a referee held a hearing on defendant's custody motion. After hearing testimony, the referee found that there was a material change in circumstances and proper cause to address child custody because plaintiff had recently moved in with her boyfriend James Carnes and there was "an issue" regarding whether Carnes' home had adequate room for the minor children. The referee indicated that plaintiff's act of moving in with Carnes implicated best-interest factors (b), (c), (d), and (e) under MCL 722.23. The referee entered a recommendation that the trial court find that defendant had shown "a material change in circumstances or other proper cause to review the matter of custody." The trial court signed the recommendation and entered it as an order.

On May 8, 2014, and on June 11, 2014, the referee held a custody hearing. After hearing testimony regarding the minor children's best interests, the referee recommended joint legal custody for the parties and that defendant receive sole, primary physical custody of the minor children. Plaintiff objected to the recommendation, and on September 11, 2014, the trial court

-1-

held a de novo hearing. On September 15, 2014, the trial court issued its opinion and order regarding custody. Based on the testimony at the custody hearing, the trial court found that there was an established custodial environment with plaintiff, but that there was clear and convincing evidence that the parties should share joint legal and physical custody.

On appeal, plaintiff argues that the referee erred when it found that there was a material change in circumstances and proper cause because the record did not show that her move into Carnes' home had a significant effect on the minor children's well-being. Because plaintiff did not object to the referee's recommendation within 21 days, this issue is unpreserved. MCR 3.215(E)(4). Accordingly, we decline to review this issue.

We now turn to the question whether the trial court erred in changing custody of the children. In regard to child custody, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28. "Under this standard, a reviewing court should not substitute its judgment on questions of fact unless the factual determination 'clearly preponderate[s] in the opposite direction.' " *Pierron*, 486 Mich at 85, quoting *Fletcher*, 447 Mich at 879. In reviewing factual findings, this Court defers to the trial court's determination of credibility. *Shann v Shann*, 293 Mich App 302, 305; 809 NW2d 435 (2011). "The trial court's discretionary rulings, such as to whom to award custody, are reviewed for an abuse of discretion. An abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008) (citation omitted).

Both parties raise challenges to the trial court's findings on several of the best-interest factors. While we may not have reached exactly the same factual conclusion as the trial court on every issue and sub-issue, we cannot say that such minor differences would lead to a factual determination that preponderates in the opposite of the trial court's determination. In short, we are not persuaded that the trial court's conclusion was against the great weight of the evidence or otherwise constituted an abuse of discretion or a clear legal error.

Finally, plaintiff argues that the trial court erred by refusing to hear testimony and live evidence from the parties at the de novo hearing. But plaintiff never requested to present evidence at the de novo hearing. The trial court entered a scheduling order that established the deadline to file a motion to supplement the record at the de novo hearing. Plaintiff filed no such request. Accordingly, we decline to review this issue on appeal.

Affirmed. Defendant may tax costs.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Mark T. Boonstra