# STATE OF MICHIGAN

# COURT OF APPEALS

KRISTEN SELBY, formerly known as, KRISTEN
STANLEY,

        Plaintiff-Appellee,

v

ROBERT LISTER,

        Defendant-Appellant.

UNPUBLISHED
April 4, 2017

No. 334612
Alpena Circuit Court
LC No. 10-003290-DP

Before: BECKERING, P.J., and O'CONNELL and BORRELLO, JJ.

PER CURIAM.

In this child-custody proceeding, defendant, Robert Lister, appeals as of right from the trial court's order denying his motion to change custody. For the reasons discussed below, we affirm.

## I. PERTINENT FACTS

In 2010, the trial court entered an order of filiation conferring joint legal custody of the parties' minor child to both parties and awarding plaintiff, Kristen Selby, primary physical custody. Since that time, the child resided with plaintiff and had liberal parenting time with defendant. Defendant filed a motion to change custody based upon the child's school absences, plaintiff's frequent changes of residence, and an investigation by child protective services (CPS).

The trial court held a motion hearing, at which defendant introduced into evidence attendance records indicating that the child had numerous absences in kindergarten and had been marked tardy multiple times. Defendant also testified that plaintiff had resided in several different residences over the past six years and had changed jobs several times, and that CPS had opened an investigation based on a report that the child at issue had inappropriately touched another child. Defendant also alleged that the child sometimes smelled of marijuana at parenting-time exchanges, but admitted that plaintiff could be using marijuana legally, and that he had never seen her smoke marijuana while driving or in the child's presence. Defendant testified that he exercised "open parenting time," and that plaintiff had never unreasonably denied him access to the child.

Plaintiff admitted that, during times when she was working long hours, she sometimes was unable to get up in time to take the child to school, but testified that, after defendant brought

-1-

the absences to her attention, she sought to change her hours to address the problem. Plaintiff also testified that defendant's failure to take the child to school whenever he exercised parenting time during the week contributed to some of the child's school absences. She admitted that she had had several different residences and jobs since 2010. However, she testified that the child attended a private charter school, so changes in school district would not affect him, and that she believed every change in employment was to enable her to better care for her children by earning more or being able to spend more time with them.[1] Regarding the CPS investigation, plaintiff disputed defendant's allegation that she was unconcerned about it, noted that it arose from conduct that occurred at defendant's house, and said that it was similar to a previous investigation that CPS had closed after determining "it was just them being kids." With respect to the child smelling of marijuana at parenting-time exchanges, plaintiff testified that she had had a medical marijuana card since 2009, when doctors diagnosed her with cachexia. However, she denied smoking marijuana around the child, and asserted that defendant had never said anything to her about the child allegedly smelling of marijuana. Finally, plaintiff asserted, and defendant admitted, that defendant had taken and withheld the child from her for 40 days.

Subsequent to the evidentiary hearing, the trial court denied defendant's motion to change custody.

## II. ANALYSIS

Generally, we affirm orders and judgments of the circuit court related to child custody "unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28. Under the great weight of the evidence standard, this Court should not substitute its judgment on questions of fact unless the facts clearly preponderate in the opposite direction. *Rittershaus v Rittershaus*, 273 Mich App 462, 473; 730 NW2d 262 (2007) (quotation marks and citation omitted). In child custody cases, "[a]n abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Berger v Berger*, 277 Mich App 700, 705, 747 NW2d 336 (2008). Clear legal error occurs "when the trial court errs in its choice, interpretation, or application of the existing law." *Shulick v Richards*, 273 Mich App 320, 323; 729 NW2d 533 (2006).

A court may modify or amend a child custody order "for proper cause shown or because of a change of circumstances." MCL 722.27(1)(c); *Vodvarka v Grasmeyer*, 259 Mich App 499, 508; 675 NW2d 847 (2003)(quotation marks and citation omitted). The moving party bears the "burden of proving by a preponderance of the evidence that either proper cause or a change of circumstances exists before the trial court can consider whether an established custodial environment exists . . . and conduct a review of the best interest factors." *Id*. at 509. To establish proper cause, the moving party must establish an appropriate ground that would justify the trial court taking action. *Id*. at 511. "Appropriate grounds should include at least one of the 12 statutory best-interest factors and must concern matters that have or could have a significant

---

[1] Plaintiff has two other minor children.

effect on the child's life." *Mitchell v Mitchell*, 296 Mich App 513, 517; 823 NW2d 153 (2012). To establish a change in circumstance, a party must demonstrate that "since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Vodvarka*, 259 Mich App at 513. "[T]he evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child." *Id*. at 513-514.

Defendant contends that the trial court erred when it failed to find proper cause or a change in circumstances sufficient to revisit the current custody order. We disagree.

In a brief written order, the trial court noted that, because the child had not been in school at the time the court entered the order of filiation, the court could not characterize the child's kindergarten absenteeism and tardiness as a change in circumstances. Nevertheless, the trial court expressed its concern about the child's attendance record, and found that the documented absenteeism and tardiness affected the child's well-being, though the extent of the effect was unclear.[2] The court found "of lesser concern" defendant's allegations concerning "other irregularities in the Plaintiff's life[.]" Specifically, the court found defendant's references to "frequent changes of residence and a CPS investigation" without substance. In addition, the trial court stated that it found plaintiff's testimony substantially more credible than that of defendant. Finally, the trial court found it "totally unacceptable" that defendant "took primary physical custody of [the child] in the face of an Order that the mother have primary physical custody, and withheld contact between [the child] and [the child's] mother for a period in excess of 40 days."

Based on this record, we conclude that the trial court's findings were not against the great weight of the evidence. With regard to the child's school attendance, we agree with the trial court's expression of concern, but find nothing in the record to contradict the trial court's assessment that the effect of the child's absenteeism and tardiness in kindergarten was unclear. Accordingly, the trial court could not find, with any degree of certainty, that the absences had a significant effect on the child's life. The trial court found plaintiff's testimony "substantially more credible" than that of defendant, and, as we have previously noted, "we respect the trial court's superior position to assess the credibility of the witnesses appearing before it and will not revisit those assessments in this forum." *Shann v Shann*, 293 Mich App 302, 307; 809 NW2d 435 (2011).

Plaintiff admitted to changing residences several times since 2010. However, she testified to the reasons behind some of her moves, her network of friends and family in the area, and the stability created by the child's enrollment in the same private charter academy regardless of where plaintiff lived. Based on the record evidence presented, and considering that defendant neither alleged nor showed that plaintiff's changes in residence detrimentally affected the child

---

[2] As noted above, a finding of proper cause or a change of circumstances requires that the conditions at issue have or could have a *significant* effect on the child's life. *Mitchell*, 296 Mich App at 517; *Vodvarka*, 259 Mich App at 513.

or deprived the child of parenting time with defendant, we cannot find that the changes in residence had a significant effect on the child's life. *Mitchell*, 296 Mich App at 517.

Further, with respect to defendant's allegations regarding the CPS investigation, although removal of a child from the home by CPS is sufficient evidence of a change in circumstances for a trial court to consider a change in custody, *Shann*, 293 Mich App at 306, such is not the case here. No hearing testimony suggested that CPS has ever removed the child from plaintiff's care. In addition, plaintiff disputed defendant's allegation that she was not concerned about the investigation, and she testified to the steps she had taken and the contacts she had made to address the issue. Moreover, defendant could not say whether an investigation was ongoing. Thus, nothing in the record indicates that the trial court's conclusion that defendant's allegations regarding the CPS investigation were without substance is against the great weight of the evidence.

Defendant suggests that the trial court's denial of his motion was punishment for his withholding the child from plaintiff for more than 40 days. It is true that the trial court found defendant's withholding of the child from plaintiff "totally unacceptable." It is conceivable that defendant's actions, which, in the trial court's view, reflected a disregard for the court's order, judicial procedure, and the parties' pattern of alternating parenting time during the summer months, contributed significantly to the trial court's negative assessment of defendant's credibility. Consequently, the trial court's assessment of defendant's credibility likely affected the court's findings of fact, particularly as the parties' testimony comprised the bulk of the evidence offered at the hearing. As we stated above, however, we will not revisit the trial court's credibility assessments. *Shann*, 293 Mich App at 307.

## III. CONCLUSION

Deferring to the trial court's credibility determinations, *id.*, we conclude that the trial court's findings of fact were not against the great weight of the evidence. See MCL 722.28. Thus, defendant did not meet his burden to show by a preponderance of the evidence that proper cause or a change in circumstances exists to revisit the current custody order. See MCL 722.27(1)(c); *Vodvarka*, 259 Mich App at 508. Accordingly, we affirm the trial court's order denying defendant's motion for a change in custody. MCL 722.28. Given that a trial court must find proper cause or a change in circumstances before proceeding to a best-interest analysis, *Vodvarka*, 259 Mich App at 509, we need not address defendant's claim of error based on the trial court's failure to conduct a best-interest analysis.

Affirmed.

/s/ Jane M. Beckering
/s/ Peter D. O'Connell
/s/ Stephen L. Borrello