*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NATASHA MARA SANTAMARIA,

Plaintiff-Appellee,

v

TYLER JEFFERY ROBERTS,

Defendant-Appellant.

UNPUBLISHED
August 24, 2023

No. 365045
Ingham Circuit Court
Family Division
LC No. 13-001156-DC

Before: GADOLA, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant, Tyler Jeffery Roberts, appeals by right the trial court's order denying his motion to set aside earlier custodial orders that had granted sole legal custody and primary physical custody of the minor children, MRSR and GJSR, to plaintiff, Natasha Mara Santamaria, and also denying his requests for custody and expanded parenting time. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

The parties had a difficult working relationship, but they ultimately arrived at a custody and parenting-time order in 2016. Thereafter, they leveled various accusations of misconduct at each other, eventually culminating in an extensive investigation by the Friend of the Court that resulted in a determination that Roberts had engaged in domestic violence and illicit drug use, and that his repeated and unfounded accusations of abuse, his instability, and his inability to control his anger were harming the children. In February 2019, the trial court entered an order granting sole legal and primary physical custody to Santamaria, and it suspended Roberts's parenting time pending the conclusion of a separate child protective proceeding, in which another of his children was involved, and his completion of various services. As of the date of the order appealed, Roberts had never provided evidence that he complied with those services, and the court expressed skepticism that Roberts had actually managed his anger issues. Roberts nevertheless repeatedly sought to set aside the earlier orders and to restore his custody and parenting time, continuously ignoring his noncompliance or protesting that he was helpless to comply. The trial court granted him some restored parenting time in September 2021, which Roberts regards as inadequate.

-1-

Directly relevant to this appeal, the trial court denied Roberts's request to set aside the February 2019 and September 2021 orders and to grant him significantly expanded parenting time.

## II. JURISDICTION

### A. STANDARD OF REVIEW

Roberts raises several challenges to the trial court's February 2019 order. We must first consider whether we have jurisdiction to review his challenge to that order because "[w]hether this Court has jurisdiction to hear an appeal is always within the scope of this Court's review." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). The scope of this Court's jurisdiction is reviewed de novo. *In re McCarrick/Lamoreaux*, 307 Mich App 436, 445; 861 NW2d 303 (2014).

### B. ANALYSIS

This Court has jurisdiction over appeals from "final judgments" or "final orders" as defined in MCR 7.202(6), and it may also exercise jurisdiction over nonfinal orders, MCR 7.203(A) and (B); *Chen*, 284 Mich App at 192-193. Whether an appeal is by right or by leave, this Court's jurisdiction is constrained by the timeliness of a party's claim of appeal or application for leave to appeal. MCR 7.204(A); MCR 7.205(A). A party may not file an application for delayed leave to appeal more than six months after entry of the judgment or order that the party wishes to appeal. MCR 7.205(A)(4)(a). Pursuant to MCR 7.202(6)(a)(*iii*), a "final order" or a "final judgment" includes, "in a domestic relations action, a postjudgment order that, as to a minor, grants or denies a motion to change legal custody, physical custody, or domicile." To the extent the February 2019 order granted or denied a custody request, it was a final order appealable by right, and Roberts had, at the most, six months to file a delayed application for leave to appeal from that order. MCR 7.205(A)(4)(a). Because he did not do so, this Court lacks jurisdiction to entertain any challenge to the custody decisions in the February 2019 order. See *Surman v Surman*, 277 Mich App 287, 294; 745 NW2d 802 (2007).

Under an earlier version of MCR 7.202(6)(a)(*iii*), a parenting-time order was also appealable by right if it affected a child's custody. *Varran v Granneman*, 312 Mich App 591, 602-604; 880 NW2d 242 (2015). The court rule now specifically encompasses only an order that "*grants or denies a motion* to" change a child's custody or domicile (emphasis added). See 503 Mich at cxvl-cxlvi. Nevertheless, a parenting-time motion may substantively be a request to change custody. *Lieberman v Orr*, 319 Mich App 68, 77 n 4; 900 NW2d 130 (2017). The February 2019 order also denied Roberts's request to increase his parenting time from alternating holidays and two overnights a week to half of the overnights a year. If a parent's parenting time is reduced from equality to being a "weekend parent," that change in parenting time constitutes a change in custody. *Stoudemire v Thomas*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 360441); slip op at 5. Logically, the inverse must also be true. Therefore, Roberts effectively sought a change in custody, however his request was styled, and the February 2019 order necessarily denied that request. We therefore conclude that the February 2019 order was, in its

entirety, a final order appealable by right. As a result, because Roberts failed to seek appellate relief from that order, we lack jurisdiction to entertain his challenges.[1]

### III. SUBSEQUENT ORDERS RELATING TO PARENTING TIME

### A. STANDARD OF REVIEW

When reviewing parenting-time matters, a trial court's factual findings are reviewed under the great-weight-of-the-evidence standard, which is satisfied "if the evidence clearly preponderates in the opposite direction." *Stoudemire*, ___ Mich App at ___; slip op at 4 (quotation marks and citation omitted). The trial court's discretionary rulings are reviewed for an abuse of that discretion, meaning "the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Id*. at ___; slip op at 4 (quotation marks and citation omitted). The applicable burden of proof, and the proper interpretation and application of a statute, are reviewed de novo as questions of law. *Griffin v Griffin*, 323 Mich App 110, 118; 916 NW2d 292 (2018).

### B. ANALYSIS

### 1. SEPTEMBER 2021 ORDER

Roberts argues that the September 2021 order that granted him an allegedly inadequate amount of increased parenting time should have been set aside, either because it is "unfair" or because it fails to reflect that it was intended to be temporary yet remained in place for 15 months. His argument is without merit. The transcript from the hearing that culminated in the September 2021 order reflects the parties' understanding that it would be temporary, but it also reflects that Roberts would still need to prove that he complied with the requirements of the February 2019 order. Roberts failed to demonstrate that compliance. More importantly, the transcript reflects that Roberts's lawyer drafted the order that Roberts now complains did not reflect the parties' intentions. "A party cannot show error requiring reversal when, as in this case, the aggrieved party contributed to that error by plan or neglect." *Kuebler v Kuebler*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 362488); slip op at 18. Finally, the caption of the order itself states that it is "temporary."

---

[1] Roberts's challenges are, in any event, wholly lacking in any substantive merit. The only clearly discernable flaw he identifies in the February 2019 order is that the trial court allegedly failed to make a preliminary finding of an established custodial environment. However, the order plainly *did* make such a determination. To the extent Roberts also argues that the trial court failed to make a proper determination that joint custody was inappropriate, this argument would also plainly contravene the face of the order. Therefore, even if we had jurisdiction to consider the substance of Roberts's argument, we would hold that the trial court properly denied his request to set aside the February 2019 order.

## 2. DENIAL OF 2022 REQUEST FOR ADDITIONAL PARENTING TIME AND CUSTODY

Roberts also takes issue with the trial court's denial of his 2022 request for additional parenting time and for joint custody of the children. In keeping with Roberts's pattern, however, the motion failed to address Roberts's continued noncompliance and merely announced, without *any* support, that he could "satisfy the proper cause and change of circumstances" because he was "a fit and proper person who can and should be allowed to contribute to the important decision [sic] of the children." The trial court appropriately emphasized that Roberts had *still* failed to show compliance with the February 2019 order, and it clearly and reasonably disbelieved Roberts's claim that he was helpless to do so or that he had indeed succeeded in learning to control his anger. We defer to the trial court's credibility assessments. See *Shann v Shann*, 293 Mich App 302, 305; 809 NW2d 435 (2011).

The trial court promised to consider Roberts's plight when he provided proof of compliance with the February 2019 order, and it did, nevertheless, grant him increased parenting time. We note that the point of the February 2019 order was that Roberts would be granted a resumption of his parenting time *when he proved that* he was a fit parent. The trial court restored some limited amount of parenting time despite Roberts's continued noncompliance, while repeatedly admonishing him that he needed to demonstrate compliance—an admonition that Roberts apparently ignored. As the trial court noted, it was unclear whether Roberts's failures were "a strategic decision or simply negligence," but this was irrelevant either way. In other words, Roberts totally failed to support his claim that there was any basis for finding him a sufficiently fit parent that a revisitation of the prior orders was warranted, and he continued to fail to prove that he had complied with the requirements of the February 2019 order. Under the circumstances, it is inconceivable that the trial court's refusal to grant Roberts's request in its entirety was grossly and palpably violative of fact and logic. *Stoudemire*, ___ Mich App at ___; slip op at 4.

Affirmed. Santamaria may tax costs as the prevailing party. MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Michael J. Kelly
/s/ Brock A. Swartzle

-4-