*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM L. QUINT III,

Plaintiff-Appellee,

v

PERLA MARIA QUINT, also known as PERLA MARIA MASCORRO-RAMOS,

Defendant-Appellant.

FOR PUBLICATION
April 4, 2024
9:15 a.m.

No. 368002
Ionia Circuit Court
LC No. 2018-033430-DM

Before: SWARTZLE, P.J., and REDFORD and YATES, JJ.

SWARTZLE, P.J.

Plaintiff and defendant share one biological child, and plaintiff moved for a change in the custody of that child. The trial court granted a change in custody, but did so without considering the preference of the child. Although neither parent raised the issue involving the child's preference, we conclude that this does not preclude our review on appeal. Normally, we would apply our "raise or waive" jurisprudence in a civil matter. But, as explained, we conclude that plain-error analysis is the more appropriate one to apply in this child-custody dispute. Finding that there was plain error affecting the child's substantial rights, we vacate the trial court's order and remand for proceedings consistent with this opinion.

## I. BACKGROUND

When they divorced, the trial court awarded both parties joint-legal and joint-physical custody of the child as well as parenting time "as the parties agree." Four years later, however, plaintiff moved for a change in custody and parenting time on the basis that defendant was interfering with the child's schooling as well as the child's medical and dental appointments.

Plaintiff testified that, during a school visit, defendant had asked the child's teacher a question, did not understand the teacher's answer, and then mumbled that the teacher was "being racist." Plaintiff further stated that this was a pattern for defendant, as she would often accuse plaintiff of being racist and violent when she did not "get her way." In addition, plaintiff testified that defendant would speak to the child in Spanish, turn to plaintiff and say "I can't believe you,"

-1-

which would often make the child cry. According to plaintiff, similar exchanges with defendant happened "a lot of times" at their parenting exchanges.

Defendant's further erratic behavior was demonstrated by testimony that she once showed up to one of the child's dental appointments that was scheduled by plaintiff, asked the dental office's staff why the appointment could not be rescheduled, and then told plaintiff that the dentist's staff was racist. Plaintiff and two of the dental office's employees testified that this encounter escalated when defendant tried to follow the child back into his appointment but was stopped by an employee. Defendant pushed the employee out of her way and then began filming the interaction on her phone before calling the police. Defendant testified that the employee pushed her to the floor, and the employee testified that defendant threw herself to the floor before making the accusation that she had been pushed. Further testimony demonstrated that this altercation could be heard from the examination room where the child was located at the time. After this altercation, defendant was prohibited from entering the building in the future and she was told that her continued presence would be considered trespassing.

At the time of the hearing, the child was seven-years-old. The trial court held that it was not going to change the custodial environment of the child, but it nevertheless applied the clear-and-convincing standard to plaintiff's motion. In making its ruling, the trial court specifically stated that it did not find defendant's testimony to be credible because the evidence supported that defendant would often "go to extreme lengths to cry assault, to cry racism, to cry whatever will help her get her way."

The trial court found that four of the best-interest factors equally favored both of the parties. Specifically, MCL 722.23(a) favored both parties because both of them loved the child, MCL 722.23(c) favored both parties because they were equally willing and able to provide for the child, MCL 722.23(e) favored both parties since they both provided permanence, and MCL 722.23(h) favored both parties because they each had a positive track record with respect to home, school, and community.

The trial court further found that six of the factors weighed in favor of plaintiff being granted a change in custody. Specifically, the trial court held that MCL 722.23(b) weighed in plaintiff's favor because defendant was telling the child that other parties were being racist and she would then act out erratically. The trial court held that MCL 722.23(d) weighed in plaintiff's favor because defendant was creating less satisfactory environments by acting out in public places. MCL 722.23(f) and (g) were considered together by the trial court because the trial court stated that those factors went "hand in hand," and it held that each weighed in plaintiff's favor because defendant made an accusation of false assault against a dental employee. Further, in analyzing these factors, the trial court discounted plaintiff's charge of domestic violence under the trial court's own suggestion that plaintiff's plea was a result of the prosecutor having an incomplete case "and maybe seeing what was happening here." Even though the trial court stated that no evidence had been presented regarding any mental illness, the trial court found that defendant was not credible. The trial court held that MCL 722.23(j) weighed in plaintiff's favor because defendant would speak in Spanish to the child before chastising plaintiff in a way that made the

child cry. The trial court also held that MCL 722.23(*l*) weighed in plaintiff's favor because defendant was disrupting the child's life with his school teachers and medical professionals.

The trial court found that MCL 722.23(k) did not favor either party, and regarding MCL 722.23(*i*), the trial court stated:

> [Factor (*i*)] is the reasonable preference of the child. That was not considered, and I don't even know at six whether the Court would be comfortable asking the child to express a preference, and regardless, neither party even suggested or thought that was something appropriate, certainly didn't ask the Court to do the same.

After considering the best-interest factors, the trial court ordered that the parties continue to share joint physical custody, and it granted father sole legal custody. The trial court also ordered a parenting-time schedule.

Defendant now appeals.

## II. ANALYSIS

This Court applies "three standards of review in custody cases." *Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000).

> The great weight of the evidence standard applies to all findings of fact. A trial court's findings regarding the existence of an established custodial environment and regarding each custody factor should be affirmed unless the evidence clearly preponderates in the opposite direction. An abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions. Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law. [*Vodvarka v Grasmeyer*, 259 Mich App 499, 507-508; 675 NW2d 847 (2003) (cleaned up).]

"All custody orders must be affirmed on appeal unless the circuit court's findings were against the great weight of the evidence, the circuit court committed a palpable abuse of discretion, or the circuit court made a clear legal error on a major issue." *Lieberman v Orr*, 319 Mich App 68, 76-77; 900 NW2d 130 (2017) (cleaned up).

With regard to custody and parenting-time orders, the trial court may "[m]odify or amend its previous judgments or orders for proper cause shown or because of change of circumstances." MCL 722.71(1)(c). The party seeking to modify or amend the order must "establish proper cause or change in circumstances, [otherwise] the court is precluded from holding a child custody hearing." *Vodvarka*, 259 Mich App at 508. "The movant . . . has the burden of proving by a preponderance of the evidence that either proper cause or a change of circumstances exists before the trial court can consider whether an established custodial environment exists and conduct a review of the best-interest factors." *Id.* at 509.

"Under this standard, a reviewing court should not substitute its judgment on questions of fact unless the factual determination clearly preponderates in the opposite direction." *Pierron v*

*Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). A trial court's finding is against the great weight of the evidence when it is so contrary to the weight of the evidence that it is unwarranted or is so plainly a miscarriage of justice that it would warrant a new trial. *Fletcher v Fletcher*, 447 Mich 871, 878; 526 NW2d 889 (1994). In reviewing the findings, this Court defers to the trial court's determination of credibility. *Shann v Shann*, 293 Mich App 302, 305; 809 NW2d 435 (2011).

If a trial court improperly adjudicates a child-custody dispute, and the impropriety is not harmless, the appropriate remedy is to remand for reevaluation or for a new child-custody hearing. See *Rittershaus v Rittershaus*, 273 Mich App 462, 475-476; 730 NW2d 262 (2007). On remand, the trial court "must reevaluate the child's established custodial environment and must also reanalyze the best-interest factors. In resolving both issues, the court should consider all up-to-date information brought to its attention." *Kubicki v Sharpe*, 306 Mich App 525, 545; 858 NW2d 57 (2014).

## A. PROPER CAUSE OR CHANGE IN CIRCUMSTANCES

Defendant first argues that the trial court erred by holding that a proper cause or change in circumstances existed to revisit the custody order. In *Vodvarka*, 259 Mich App 511, this Court determined that "proper cause means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken."

> [I]n order to establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. Again, not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. [*Id*. at 513-514.]

In this case, defendant's behavior led to police involvement, and defendant was prohibited from visiting the child's dentist based on her behavior. Further, plaintiff testified that defendant made accusations against other individuals in front of the child, and these accusations upset the child. Thus, the trial court did not err in finding that there was sufficient proper cause that warranted reevaluating the child's custody.

## B. BEST-INTEREST FACTORS

Next, defendant argues that the trial court erred in ruling on the best-interest factors because the holding was against the great weight of the evidence, as well as not fully considering each factor. In this case, the trial court had earlier granted both parties joint legal and physical custody at the time they divorced. Thus, the trial court needed to determine whether joint custody continued to be appropriate. MCL 722.26a(1)(a) requires that the trial court "shall determine whether joint custody is in the best interest of the child by considering…[t]he factors enumerated in [MCL 722.23]." Further, as this Court has stated, the trial court "must determine whether the

change of custody is in the [child's] best interests and, to that end, must make specific findings of fact regarding each of the 12 statutory best-interest factors." *Johnson v Johnson*, 329 Mich App 110, 128-129; 940 NW2d 807 (2019).

To determine the best interests of the child, MCL 722.23 instructs the trial court to consider and evaluate the sum total of the following factors:

(a) The love, affection, and other emotional ties existing between the parties involved and the child.

(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(*i*) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents. A court may not consider negatively for the purposes of this factor any reasonable action taken by a parent to protect a child or that parent from sexual assault or domestic violence by the child's other parent.

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(*l*) Any other factor considered by the court to be relevant to a particular child custody dispute.

Defendant specifically argues that the trial court's findings regarding MCL 722.23(b), MCL 722.23(d), MCL 722.23(f), MCL 722.23(g), MCL 722.23(*i*), MCL 722.23(j), and MCL 722.23(*l*) were against the great weight of the evidence.

Regarding MCL 722.23(b), defendant argues that the trial court erred in finding that this factor weighed in favor of plaintiff because the child was already back in the examination room and did not witness defendant having an altercation with the dental staff or the police. Defendant ignores, however, that the testimony indicated that the altercation could be heard from the examination room where the child was located. Further, there was other testimony demonstrating that defendant would make false accusations that others were treating her unfairly because of her race in front of the child. Given the evidence presented, it is not against the great weight of the evidence that the trial court found that defendant's behavior did not provide proper guidance to the child, and that this factor weighed in favor of plaintiff.

With respect to MCL 722.23(d), defendant argues that there was no evidence that continuity in this environment would be nothing but beneficial to the child. Defendant ignores, however, that plaintiff testified that the child often got upset when defendant would tell plaintiff, "I can't believe you," and that defendant would often resort to erratic behavior when she did not "get her way." Given the evidence presented, it is not against the great weight of the evidence that defendant's behavior created an unsatisfactory environment for the child, and that this factor weighed in favor of plaintiff.

Regarding MCL 722.23(f) and (g), defendant argues that the trial court inappropriately insinuated that she had a mental-health issue without any evidence demonstrating that this was the case. Further, defendant argues that the trial court discounted plaintiff's domestic-violence charge based on the trial court's own experience that was not related to this case. Defendant ignores that the trial court stated that there was no evidence that mother had a mental illness, and that the trial court considered defendant's false claim in relation to plaintiff's charge of domestic violence. Nevertheless, it was not against the great weight of the evidence for the trial court to find that both MCL 722.23(f) and (g) favored plaintiff because the evidence demonstrated that defendant had fabricated a claim of assault against a dental employee.

On MCL 722.23(j), defendant argues that the trial court erred in finding that she was unwilling to facilitate and encourage the child's relationship with plaintiff when there was only a singular incident that plaintiff testified regarding defendant telling plaintiff that she "could not believe him" after speaking Spanish with the child. Defendant ignores, however, that plaintiff testified that similar exchanges occurred "a lot of times" at parenting exchanges with defendant. Given plaintiff's testimony, it was not against the great weight of the evidence for the trial court to find that this factor weighed in plaintiff's favor.

As to MCL 722.23(l), defendant argues that the trial court erred because it did not consider the other four-years of cooperation that the parties had in parenting time and custody of the child. But there was ample evidence that defendant's behavior demonstrated that she was continuing to disrupt the child's education and medical appointments. Given the evidence, it was not against the great weight of the evidence for the trial court to conclude that defendant's behavior was a factor that needed to be considered, and that this factor favored plaintiff.

Lastly, concerning MCL 722.23(i), the trial court explained that it did not consider the child's preference with respect to custody. On appeal, defendant argues that this warrants reversal. Although we understand the trial court's position, we conclude that reversal is required.

Neither parent raised this issue below, and ordinarily in civil cases, we would decline to reach an unpreserved claim on appeal under our raise-or-waive jurisprudence. *Tolas Oil & Gas Exploration Co v Back Servs & Mfg, LLC*, __ Mich App __, __; __ NW2d __ (2023) (Docket No. 359090); slip op at 3. Our laxer plain-error standard for claim preservation is generally reserved for criminal matters. With that said, there are certain discrete civil matters when this Court instead applies the plain-error standard. This is especially appropriate in disputes involving the welfare of a child, whose interests are directly and often irrevocably affected, but whose voice is not always fully heard, even when there is a lawyer-guardian ad-litem involved. So, for example, appellate courts apply plain-error review to unpreserved claims in child-protective proceedings. *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019). Although child-custody proceedings differ from child-protective proceedings, there are certain material similarities, including a focus on the best interests of the child. We conclude, therefore, that judicial prudence favors applying the plain-error standard to an unpreserved claim in a child-custody proceeding.[1]

To show that a plain error occurred warranting reversal, the following four elements must be established on appeal:

> 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) the plain error affected substantial rights, and 4) once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted when the plain, forfeited error seriously affected the fairness, integrity or public reputation of judicial proceedings. [*In re Pederson*, 331 Mich App 445, 463; 951 NW2d 704 (2020) (cleaned up).]

Applying this rubric, we must reverse.

First, error occurred, and it was plain. With MCL 722.23(*i*), our Legislature requires a trial court to consider "[t]he reasonable preference of the child, if the court considers the child to be of sufficient age to express [a] preference." This statutory requirement is without regard to whether the parent desires the trial court to consider the child's preference. *Kubicki*, 306 Mich App at 544-545. Rather, the only condition placed on this requirement is whether "the court considers the child to be of sufficient age" to express a reasonable preference, and this Court has held that children as young as six-years of age are presumed to be able to do so, absent some extenuating circumstance. *Pierron v Pierron*, 282 Mich App 222, 258-259; 765 NW2d 345 (2009). Here, the child was seven years old at the time of the hearing, and there is nothing in the current record before us to suggest that the child could not express a reasonable preference.

---

[1] See *Demski v Petlick*, 309 Mich App 404, 441-442; 873 NW2d 596 (2015) (applying plain-error standard to a claim raised for first time in a motion for reconsideration in a child-custody case); cf. *In re Doe*, __ Mich App __, __; __ NW2d __ (2024) (Docket No. 366773) (reaching the merits of unpreserved claim, but declining "to resolve whether the 'raise or waive' rule or plain-error review applies in" cases involving the Safe Delivery of Newborns Law, MCL 712.1 *et seq.*).

A feature that distinguishes this appeal from the mine-run of custody appeals, however, is that the trial court changed only legal custody, not physical custody of the child. Both parents continue to share physical custody of the child. One might ask whether a child can express a reasonable preference about matters solely concerning legal custody, and sensible arguments can be made on both sides. (For example, can a young child have a *reasonable* preference as to which parent should decide whether the child sees Physician A or Physician B? As another example, can a young child have a *reasonable* preference as to which parent should decide whether the child attends School A or School B? Answers might differ based on the maturity of the particular child and the various subjects that fall under the umbrella of legal custody.)

We need not reach this question, however, because our Legislature draws no distinction between legal and physical custody for purposes of the 12 best-interest factors in MCL 722.23. When determining whether to grant or deny joint custody, our Legislature directs courts to consider these best-interest factors, MCL 726a(1)(a), and it does not exclude certain factors from the question of legal custody, MCL 726a(7). As a general proposition, it is certainly the case that as a child matures, that child will likely have reasonable preferences on matters of healthcare, religious practices, education, and athletic activities. See *Bofysil v Bofysil*, 332 Mich App 232, 249; 956 NW2d 544 (2020). It is left to the sound discretion of the trial court to determine whether a particular child's preference with respect to legal custody is a reasonable one.

Returning to our plain-error analysis, on the third factor, ordinarily we would consider whether the error affected a *party's* substantial rights. But, in a child-custody proceeding, the child is a subject of the proceeding, not a party. Regardless, we will not ignore the substantial rights of the child whose custody is being decided. To do so would be pedantic and, more importantly, would defeat the very reason why we apply plain-error review in this kind of case, i.e., to ensure that the child's best interests are protected.

Focusing on the child, we conclude that the trial court's error affected the child's substantial rights. Subsection (*i*) is the one best-interest provision that affords a child the right and opportunity to have his or her own voice heard in a child-custody proceeding. Our Legislature deemed this right/opportunity of sufficient worth to mandate its consideration in a trial court's best-interests analysis, and our Court has similarly deemed it of sufficient worth to mandate its consideration by the trial court despite a parent's failure to raise it. A child's preference is just that—a preference—and a trial court must evaluate that preference along with all of the other relevant evidence when making its best-interest determination. But, even if the child's preference does not carry the day, there is independent value in knowing on some level that one's voice has been heard. For this same reason, we conclude that, with respect to the final factor, reversal is warranted because the error seriously affected the fairness and integrity of the custody proceedings.

## III. CONCLUSION

Although the trial court's findings regarding MCL 722.23(b), MCL 722.23(d), MCL 722.23(f), MCL 722.23(g), MCL 722.23(j), and MCL 722.23(*l*) were not against the great weight of the evidence, the trial court erred by not considering the child's reasonable preference under MCL 722.23(*i*) or otherwise explaining why that child was unable to express a preference. Accordingly, this Court "must vacate the circuit court's order and remand for a new custody

hearing." *Kubicki*, 306 Mich App at 544-545. On remand, the trial court should reanalyze the best-interest factors, using "all up-to-date information brought to its attention." *Id*. at 545.

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ James Robert Redford