*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NICHOLAS DANIEL LETIZIO,

        Plaintiff-Appellee,

v

OLIVIA PAUL FATCHETT,

        Defendant-Appellant.

UNPUBLISHED
April 09, 2025
12:08 PM

No. 372737
Jackson Circuit Court
LC No. 22-002594-DC

Before: MURRAY, P.J., and M. J. KELLY and N. P. HOOD, JJ.

PER CURIAM.

Plaintiff and defendant share joint physical and legal custody of their biological child. Defendant appeals the trial court order denying her motion for a change in custody and parenting time, arguing the court erred in denying her motion without first holding an evidentiary hearing on the facts in dispute. We vacate the trial court's order and remand for further proceedings, while retaining jurisdiction.

## I. FACTUAL AND PROCEDURAL HISTORY

The trial court originally granted plaintiff and defendant joint legal and physical custody of their minor child. In October 2023, defendant moved for a change of custody and parenting time, alleging that plaintiff failed to help and ensure that the child was completing her schoolwork; that on multiple occasions, when the child was in the care of plaintiff, he failed to provide her with appropriate snacks, school supplies, and school clothing; and that, on multiple occasions, plaintiff sent the child to school without weather appropriate clothing. Defendant requested the trial court find "that there has been proper cause and/or change in circumstances to review custody and parenting time for the minor child and to set this matter for an evidentiary hearing regarding custody and parenting time."

Defendant later filed a supplemental information regarding her October 2023 motion, alleging that plaintiff had moved in with his girlfriend in Jackson and was no longer living in the child's school district; that the child was sharing a bedroom with plaintiff's girlfriend's daughter and was having trouble sleeping at night; that the child reported that plaintiff was extremely intoxicated during the Fourth of July holiday weekend and she was left alone to take care of herself

and plaintiff's girlfriend's daughter; and that the child reported that plaintiff was not at home with her and that plaintiff's girlfriend was taking care of her. Again, defendant requested for the trial court to hold an evidentiary hearing on the contested facts.

The trial court later held a brief hearing on defendant's motion, where both attorneys made arguments but no testimony or evidence was addressed. The trial court resolved the motion by stating that "[w]e're not having an evidentiary hearing" and issuing an order denying defendant's motion.

Defendant now argues that because she alleged proper cause and change of circumstances pursuant to *Vodvarka v Grasmeyer*, 259 Mich App 499, 512-514; 675 NW2d 847 (2003), the trial court erred by denying her motion without first holding an evidentiary hearing on the disputed facts. She also argues that the trial court did not offer a rationale for its decision, and given the lack of findings presented by the trial court, this Court should remand for further proceedings.

## II. STANDARD OF REVIEW

Under the Child Custody Act, MCL 722.21 *et seq*., "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28. See also *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). We review "a trial court's determination regarding whether a party has demonstrated proper cause or a change of circumstances under the great weight of the evidence standard." *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009).

## III. DISCUSSION

"A trial court may only consider a change of custody if the movant establishes proper cause or a change in circumstances." *Shann v Shann*, 293 Mich App 302, 305; 809 NW2d 435 (2011).

> [T]o establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors,[1] and must be of such magnitude to have a significant effect on the child's well-being. When a movant has demonstrated such proper cause, the trial court can then engage in a reevaluation of the statutory best interest factors.
>
> * * *
>
> [I]n order to establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. Again, not just any change will suffice, for over time there will

---

[1] See MCL 722.23.

-2-

always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. This too will be a determination made on the basis of the facts of each case, with the relevance of the facts presented being gauged by the statutory best interest factors. [*Vodvarka*, 259 Mich App at 512-514.]

"Although the threshold consideration of whether there was proper cause or a change of circumstances might be fact-intensive, the court need not necessarily conduct an evidentiary hearing on the topic." *Corporan*, 282 Mich App at 605.

In deciding whether an evidentiary hearing is necessary with regard to a postjudgment motion to change custody, the court must determine, by requiring an offer of proof or otherwise, whether there are contested factual issues that must be resolved in order for the court to make an informed decision on the motion. [MCR 3.210(C)(8).]

Although the trial court was not required to conduct an evidentiary hearing in making the threshold consideration as to proper cause or change in circumstances, see *Corporan*, 282 Mich App at 605, it must determine "by requiring an offer of proof or otherwise, whether there are contested factual issues that must be resolved in order for the court to make an informed decision on the motion," MCR 3.210(C)(8). The trial court did not fulfill this obligation. At the conclusion of the motion hearing, the court did not indicate it was accepting as true defendant's allegations in support of proper cause or change in circumstances. Nor did it require defendant (or plaintiff) to provide an offer of proof. And, finally, it did not hold an evidentiary hearing to determine the veracity of defendant's evidence (if any) in support of her allegations.

On appeal, this Court must review the trial court's determination to determine whether "the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28. This is not de novo review, and in the absence of any explanation as to why the motion was denied, we cannot conduct our appellate review under these deferential standards of review.

Accordingly, we remand to the trial court for the limited purpose of allowing the trial court to present its findings as to why defendant did not establish proper cause or change in circumstances, so that we may analyze its decision not to hold an evidentiary hearing to resolve the disputed facts. See MCL 722.28; *Corporan*, 282 Mich App at 605.

Vacated and remanded for further proceedings consistent with this opinion. We retain jurisdiction.[2]

/s/ Christopher M. Murray
/s/ Michael J. Kelly
/s/ Noah P. Hood

---

[2] We retain jurisdiction because of the length of time defendant's motion was pending prior to the court's motion hearing and decision.

# Court of Appeals, State of Michigan

# ORDER

NICHOLAS DANIEL LETIZIO V OLIVIA PAUL FATCHETT

Docket No. 372737

LC No. 22-002594-DC

Christopher M. Murray
Presiding Judge

Michael J. Kelly

Noah P. Hood
Judges

For the reasons stated in the opinion issued with this order, we REMAND this case for further proceedings. Appellant must initiate the proceedings on remand within 21 days of the Clerk's certification of this order, and the trial court must prioritize this matter until the proceedings are concluded. As stated in the accompanying opinion, we remand to the trial court for the limited purpose of allowing the trial court to present its findings and conclusions as to why defendant did not establish proper cause or change in circumstances, and/or why an evidentiary hearing was not required to resolve any factual disputes. See MCL 722.28; *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). The proceedings on remand are limited to this issue and must be concluded within 56 days of this order.

The parties must serve copies of their filings in the trial court on this Court. Appellant must file with this Court copies of all orders entered on remand within seven days of entry.

Appellant must ensure the transcript of all proceedings on remand is filed in the trial court and this Court within 21 days after completion of the proceedings.

After the remand proceedings conclude, we will review the decisions that the trial court made during those proceedings and consider any remaining issues in this appeal. Any challenges to the trial court's decisions on remand must be raised in this appeal. Therefore, the parties and the trial court must not initiate a new appeal from an order entered on remand within the scope of this appeal. The Clerk of the Court is directed to reject the initiation of a new appeal from such an order.

We retain jurisdiction.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

April 09, 2025
Date

Chief Clerk